1 | JORDAN ETH (BAR NO. 121617)
JEth@mofo.com
2 | JUDSON E. LOBDELL (BAR NO. 146041)
JLobdell@mofo.com
3 | MARK R.S. FOSTER (BAR NO. 223682)
MFoster@mofo.com
4 | MORRISON & FOERSTER LLP
425 Market Street
5 | San Francisco, California 94105
Telephone: 415-268-7000
6 | Facsimile: 415-268-7522

7 | ANNA ERICKSON WHITE (BAR NO. 161385)
AWhite@mofo.com
8 | MORRISON & FOERSTER LLP
755 Page Mill Road
9 | Palo Alto, California 94304
Telephone: 650-813-5600
10 | Facsimile: 650-494-0792

11 | Attorneys for Defendant Yahoo! Inc., Terry S. Semel, Susan L. Decker, Farzad Nazem, and Daniel Rosensweig

12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: YAHOO! INC.<br><br>ELLEN ROSENTHAL BRODSKY, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>YAHOO! INC., TERRY S. SEMEL, SUSAN L. DECKER, FARZAD NAZEM, and DANIEL ROSENSWEIG,<br><br>Defendants.<br><br>This Document Relates To:  All Actions | **CLASS ACTION**<br><br>Case No. CV 08-02150 MHP<br><br>(consolidated with CV 08-02115 CW)<br><br>**STIPULATION AND [PROPOSED] ORDER REASSIGNING CASE**<br><br>**[CIVIL L.R. 3-12, 7-11]** |

STIPULATION AND [PROPOSED] ORDER REASSIGNING CASE
CASE NO. CV 08-02150 MHP
sf-2507648

**STIPULATION**

Pursuant to Civil L.R. 3-12 and 7-11, and General Order 44, the parties in this securities class action, through their undersigned counsel, agree that the action presently captioned *Hacker v. Yahoo!, et al.*, Case No. CV 08-02115 CW (N.D. Cal.) ("*Hacker*"), having already been ordered related to and consolidated into this action, should, therefore, be reassigned from the Honorable Claudia Wilken to the undersigned Judge.

1. This action was filed in the United States District Court for the Central District of California on May 11, 2007.

2. *Hacker* was filed in the Central District of California on June 15, 2007.

3. On August 20, 2007, Judge Christina A. Snyder of the Central District of California determined that *Hacker* is related to this action on the grounds that the two actions "involve common questions of law and fact," "are premised upon the same alleged false and misleading statements," and "are brought against the same defendants." Attachment A is a copy of the August 20, 2007 Order.

4. Also on August 20, 2007, Judge Snyder consolidated *Hacker* into this action pursuant to Federal Rule of Civil Procedure 42(b) and the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(a)(3)(B)(ii). Judge Snyder also appointed Pension Trust Fund for Operating Engineers and Pompano Beach Police & Firefighters' Retirement System as lead plaintiff, and approved the appointment of Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel.

5. On January 10, 2008, Judge Snyder ordered that the docket in this action shall constitute the Master Docket, that the file in this action shall constitute the Master File, that all subsequently filed related actions shall be consolidated into this action, and that documents filed in the Consolidated Action shall bear the caption *In re: Yahoo! Inc.* Attachment B is a copy of the January 10, 2008 Order.

6. On February 12, 2008, Defendants moved to transfer *In re: Yahoo!* to this Court pursuant to 28 U.S.C. § 1404(a).

7. On March 10, 2008, Judge Snyder granted Defendants' motion to transfer.

8. On or about April 21, 2008, the clerk for the Central District of California separately transmitted the files for this action and *Hacker* to the Northern District of California.

9. Upon receipt of the files in the Northern District of California, this action was assigned to the undersigned Judge. *Hacker* was assigned to the Honorable Claudia Wilken (following the recusal of Judge Jeffrey White).

10. For the reasons set out above, the parties stipulate and agree that *Hacker*, having already been ordered related to and consolidated into this action, should, therefore, be reassigned to the undersigned Judge.

Dated: April 30, 2008   MORRISON & FOERSTER LLP

By: /s/ Judson Lobdell [e-filing signature]

Attorneys for Defendants Yahoo! Inc., Terry S. Semel, Susan L. Decker, Farzad Nazem, and Daniel Rosensweig

Dated: April 30, 2008   COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP

By: /s/ Spencer A. Burkholz [e-filing signature]
Attorneys for Lead Plaintiff

### [PROPOSED] ORDER

Pursuant to the parties' stipulation and good cause appearing, this Court finds that the action presently captioned *Hacker v. Yahoo!, et al.*, Case No. CV 08-02115 CW (N.D. Cal.), having already been ordered related and consolidated into this action, should be reassigned to the undersigned Judge.

**IT IS SO ORDERED.**

Date: _____, 2008

MARILYN HALL PATEL
UNITED STATES DISTRICT JUDGE

STIPULATION AND [PROPOSED] ORDER REASSIGNING CASE
CASE NO. CV 08-02150 MHP
sf-2507648

2

**ECF ATTESTATION**

I, Mark Foster, am the ECF User whose ID and Password are being used to file this:

**STIPULATION AND [PROPOSED] ORDER REASSIGNING CASE**

In compliance with General Order 45, X.B., I hereby attest that Judson Lobdell and Spencer A. Burkholz have concurred in this filing.

Dated:  April 30, 2008                    MORRISON & FOERSTER LLP

By: /s/ Mark R.S. Foster [e-filing signature]

# Attachment A

```
                                                      ___ Priority
                                                       X  Send
                                                      ___ Clsd
                                                      ___ Enter
                                                      ___ JS-5/JS-6
                                                      ___ JS-2/JS-3
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | CV 07-3125 CAS (FMOx) [This Order Relates To No. CV 07-3902 CAS (FMOx)] | Date  August 20, 2007 |
| Title | ELLEN ROSENTHAL BRODSKY v. YAHOO! INC., <u>et al.</u> | |

Present: The Honorable  CHRISTINA A. SNYDER

| CATHERINE JEANG | LAURA ELIAS | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Mary Blasy                          Jordan Eth

**Proceedings:**   **MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT PENSION TRUST FUND FOR OPERATING ENGINEERS AND POMPANO BEACH POLICE & FIREFIGHTERS' RETIREMENT SYSTEM AS LEAD PLAINTIFF, AND APPROVE LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL** (filed July 10, 2007)

**MOTION TO OF STATE-BOSTON RETIREMENT SYSTEM FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** (filed July 10, 2007)



## I.   INTRODUCTION

On May 11, 2007, Ellen Rosenthal Brodsky ("Brodsky") filed the instant complaint against defendants Yahoo!, Inc. ("Yahoo!"), Terry S. Semel ("Semel"), and Susan L. Decker ("Decker"). Brodsky seeks to represent a class of all persons who purchased or otherwise acquired Yahoo! securities between April 8, 2004 and July 18, 2006 (the "Class Period"), and alleges violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, based upon alleged false and misleading statements about Yahoo!'s business model, financial results and continued sales and earnings by defendants during the class period. Brodsky is represented by Darren J. Robbins and Patrick J. Coughlin of Lerach Coughlin Stoia Geller Rudman & Robbins, LLP ("Lerach Coughlin").

On June 15, 2007, Manfred Hacker ("Hacker") filed a complaint against Yahoo!, Semel, and Decker, also alleging claims, on behalf of all others similarly situated who acquired Yahoo! securities during the Class Period, for violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, based upon defendants' alleged false and misleading statements. Hacker's complaint was assigned Case No. CV 07-3902 CAS (FMOx).

On May 11, 2007, Brodsky published early notice to class members over *Business Wire* pursuant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-3125 CAS (FMOx) [This Order Relates To No. CV 07-3902 CAS (FMOx)] | Date | August 20, 2007 |
| Title | ELLEN ROSENTHAL BRODSKY v. YAHOO! INC., et al. | | |

to 15 U.S.C. § 78u-4(a)(3)(A).[1] The notice advised class members of the existence of the lawsuit against Yahoo!, the claims asserted, the class period, and class members' right to move to be appointed as lead plaintiff.

On July 10, 2007, the State-Boston Retirement System ("Boston") filed a motion to consolidate the instant case with Case No. CV 07-3902, to appoint Boston as lead plaintiff, and to approve Boston's choice of lead counsel. Boston is represented by Mark Labaton of Kreindler & Kriendler, LLP, and Chistopher J. Keller, Andrei V. Rado, and Alan I. Ellman of Labaton Sucharow & Rudoff, LLP.

Also on July 10, 2007, Pension Trust Fund for Operating Engineers and Pompano Beach Policy & Firefighters' Retirement System ("the Pension Funds") filed a motion to consolidate the instant case with Case No. CV 07-3902, to appoint the Pension Funds as lead plaintiff, and to approve the Pension Funds' selection of lead counsel. The Pension Funds are represented by Anne L. Box, Mary K. Blasy, and Tricia L. McCormick of Lerach Coughlin. On August 6, 2007, the Pension Funds filed their opposition, and Boston filed a statement in response to the Pension Funds' motion. On August 6, 2007, defendants filed a response to the instant motions for consolidation and appointment of lead counsel. On August 13, 2007, the Pension Funds filed a reply.

The Boston and Pension Funds motions are presently before the Court. The Court hereby finds and concludes as follows.

---

[1] 15 U.S.C. § 78u-4(a)(3)(A), "Early notice to class members," provides:

(i) In general
    Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class--
    (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
    (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

(ii) Multiple actions
    If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published in accordance with clause (I).

(iii) Additional notices may be required under Federal rules
    Notice required under clause (i) shall be in addition to any notice required pursuant to the Federal Rules of Civil Procedure

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3125 CAS (FMOx) | Date | August 20, 2007 |
|---|---|---|---|
| | [This Order Relates To No. CV 07-3902 CAS (FMOx)] | | |

| Title | ELLEN ROSENTHAL BRODSKY v. YAHOO! INC., et al. |
|---|---|

## II. DISCUSSION

### A. Motions to Consolidate

Boston and the Pension Funds seek consolidation of this action, Case No. CV 07-3125, with Case No. CV 07-3902.[2] Boston and the Pension Funds contend that both actions assert substantially the same violations of federal securities laws against the same defendants, and raise substantially the same questions of law and fact. Further, the plaintiff in each action seeks to represent a class of all persons who purchased or otherwise acquired Yahoo! securities between April 8, 2004 and July 18, 2006. Defendants do not oppose consolidation of the cases.

Fed. R. Civ. P. 42(a) provides:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

"In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." Werner v. Satterlee, Stephens, Burke & Burke, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992); Wenderhold v. Cylink Corp., 188 F.R.D. 577, 583 (N.D. Cal. 1999). The Court concludes that the two cases involve common questions of law and fact, and therefore should be consolidated. Both actions are premised upon the same alleged false and misleading statements, and are brought against the same defendants. See Aronson v. McKesson HBOC, Inc., 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999) (nothing that it seemed "obvious that fifty-four separate class actions predicated on the same set of misstatements by corporate officials, causing an artificial inflation and then a corrective drop in share prices, present common questions of fact," although differences in recovery sought by plaintiffs precluded consolidation without further briefing). Accordingly, the Court GRANTS Boston and the Pension Funds' motions to consolidate.

### B. Motions For Appointment of Lead Plaintiff

Boston and the Pension Funds respectively seek appointment as lead plaintiff. The Private

---

[2] The Court notes that pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(ii), when a party seeks to consolidate several putative class actions, "the court shall not make the determination [regarding lead plaintiff] until after the decision on the motion to consolidate is rendered." Thus, although these motions were filed concurrently, the Court has considered it in advance of the motion to appoint lead plaintiff and lead counsel.

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 3 of 7 |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3125 CAS (FMOx) | Date | August 20, 2007 |
|---|---|---|---|
| | [This Order Relates To No. CV 07-3902 CAS (FMOx)] | | |

| Title | ELLEN ROSENTHAL BRODSKY v. YAHOO! INC., et al. |
|---|---|

Securities Reform Act of 1995 ("PSLRA"), governs the procedure for selection of a lead plaintiff in all private class actions arising under the Securities Exchange Act of 1934. See 15 U.S.C. § 78u-4(a)(3). The Act provides that the Court shall appoint as lead plaintiff "the member or members of a purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members[.]" 15 U.S.C. § 78u-4(a)(3)(B)(i).

Under the statute, the Court adopts a presumption that the most adequate plaintiff is the "person or group of persons" that (1) has either filed the complaint or brought a motion for appointment of lead counsel in response to the published notice; (2) has the "largest financial interest in the relief sought by the class;" and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may only be rebutted by upon proof by a member of the purported class that the presumptive lead plaintiff: (1) "will not fairly and adequately protect the interests of the class" or (2) is subject to "unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb); see In re Cavanaugh, 306 F.3d 726 (9th Cir. 2002). "The plaintiff with the largest stake in a given securities class action will almost invariably be a large institutional investor, and the PSLRA's legislative history expressly states that Congress anticipated and intended that such investors would serve as lead plaintiffs. . . . [I]nstitutional investors and others with large losses will, more often than not, satisfy the typicality and adequacy requirements." In re Cendant Corp. Litig., 264 F.3d 201, 244-45, 264 (3d Cir. 2001).

Boston and the Pension Funds timely filed their motions within 60 days from the publication of notice. Therefore, Boston and the Pension Funds have satisfied the first requirement for appointment as lead plaintiff.

Boston submits evidence that it has suffered losses in the amount of $640,373.68. See Decl. of Alan I. Ellman, Ex. B. The Pension Funds claim losses of over $2.254 million. See Decl. of Tricia L. McCormick, Ex. B. Thus, the Pension Funds appear to have the largest financial interest in the instant litigation.

The Pension Funds contends that they meet the requirements of Rule 23(a). Rule 23(a) provides that a party may serve as a class representative if the following requirements are met:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

When assessing a proposed lead plaintiff, Rule 23(a)(3) and (4) are particularly relevant. In re Cendant Corp. Litig., 264 F.3d at 263. The Pension Funds asserts that there are common questions of law and fact, i.e., whether defendants violated the securities laws by making alleged material misstatements, and whether those misstatements caused the price of Yahoo! securities to artificially

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3125 CAS (FMOx)<br>[This Order Relates To No. CV 07-3902 CAS (FMOx)] | Date | August 20, 2007 |
|---|---|---|---|

| Title | ELLEN ROSENTHAL BRODSKY v. YAHOO! INC., et al. |
|---|---|

inflate. The Pension Funds assert that their claims are typical of the class because their claims arise out of the same alleged misconduct by defendants. The Pension Funds further assert that they will fairly and adequately represent the interests of the class.

The Court has received no objection on Rule 23 grounds to the appointment of the Pension Funds as lead plaintiff. The Court concludes that the Pension Funds have satisfied the requirements of Rule 23, and therefore the Pension Funds are presumptively the most adequate plaintiff.

On August 6, 2007, Boston filed a statement regarding the Pension Funds' motion. Boston acknowledges that the Pension Funds appear to have the largest financial interest in this litigation, and Boston "takes no position regarding whether the Pension Funds should be appointed lead plaintiff or which law firm should be appointed lead counsel." Boston's Statement at 2. Boston does not attempt to rebut the presumption that the Pension Funds are the most adequate plaintiff.

In their response to the Pension Funds' motion, defendants point out that the Pension Funds are separate institutions, and that some courts have refused to appoint a group of unrelated persons or entities as lead plaintiff. See, e.g., Aronson, supra; Bowman v. Legato Systems, Inc., 195 F.R.D. 655 (N.D. Cal. 2000); In re Critical Path, Inc. Sec. Litig., 156 F. Supp. 2d 1102 (N.D. Cal. 2001); Wenderhold v. Cylink Corp., 188 F.R.D. 577 (N.D. Cal. 1999); In re Network Assocs. Sec. Litig., 76 F. Supp. 2d 1017 (N.D. Cal. 1999). These courts reason that "one of the primary purposes of the Reform Act was to eradicate 'lawyer-driven' litigation-that is, litigation initiated by plaintiffs' lawyers who recruit large numbers of shareholders as clients, control the strategy of the lawsuit and collect large fees out of the resulting settlement or judgment," and therefore "many district courts have rejected lead plaintiff applications from large, lawyer-solicited aggregations of shareholders or from subsets of such aggregations." Bowman, 195 F.R.D. at 658. Further, "[i]n economic terms, the goal of the statute is to reduce the 'collective action' problems that widely dispersed clients face in supervising their attorneys. To that end, it makes sense that one client will provide more control than a disjointed group concocted by plaintiffs' counsel--even if the group consists of institutional investors." Aronson, 79 F. Supp. 2d at 1152-53.

On the other hand, some courts have appointed a group of unrelated individuals as lead plaintiff. See, e.g., Ferrari v. Gisch, 225 F.R.D. 599 (C.D. Cal. 2004); Yousefi v. Lockheed Martin Corp., 70 F. Supp. 2d 1061, 1068 (C.D. Cal. 1999); Takeda v. Turbodyne Techs., Inc., 67 F. Supp. 2d 1129, 1135-36 (C.D. Cal. 1999); In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42 (S.D.N.Y. 1998), In re Cable & Wireless, PLC Sec. Litig., 217 F.R.D. 372 (E.D. Va. 2003), In re Universal Access, Inc., 209 F.R.D. 379, 385 (E.D. Tex. 2002).

The Pension Funds respond that the cases cited by defendants are concerned more with the aggregation of losses of unrelated plaintiffs to create a group with the largest financial interest, which directly undermines Congress's intent to eradicate "lawyer-driven" litigation. The Pension Funds assert that they need not aggregate their losses in order to establish the largest financial interest; rather, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CV 07-3125 CAS (FMOx)<br>[This Order Relates To No. CV 07-3902 CAS (FMOx)] | Date   August 20, 2007 |
| Title | ELLEN ROSENTHAL BRODSKY v. YAHOO! INC., et al. | |

Pension Trust Fund for Operating Engineers has suffered losses of over $1.7 million, a more significant loss than any other known class member. The Pension Funds contend that, under similar circumstances, other courts have appointed more than one person or entity as lead plaintiff. Reply at 3 (citing Lentz v. Citadel Sec. Software, Inc., No. 3:05-CV-0100-D, 2005 U.S. Dist. LEXIS 10097, at *8-9 (N.D. Tex. May 25, 2005); In re Universal Access, Inc., 209 F.R.D. 379, 384 (E.D. Tex. 2002)). The Pension Funds argue that they constitute a "group of persons" who may collectively serve as lead plaintiff under the PSLRA. Id. at 4 (citing Cavanaugh, 306 F.3d at 731 n.8).³

The Court concludes that the Pension Funds may be appointed as lead plaintiff. Appointment of the Pension Funds is consistent with the Third Circuit's position on the matter:

> We note at this juncture that we disagree with those courts that have held that the statute invariably precludes a group of "unrelated individuals" from serving as a lead plaintiff. The statute contains no requirement mandating that the members of a proper group be "related" in some manner; it requires only that any such group "fairly and adequately protect the interests of the class." . . . If, for example, a court were to determine that the movant "group" with the largest losses had been created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel, it could well conclude, based on this history, that the members of that "group" could not be counted on to monitor counsel in a sufficient manner. . . . Courts must also inquire whether a movant group is too large to represent the class in an adequate manner. At some point, a group becomes too large for its members to operate effectively as a single unit.

In re Cendant Corp. Litig., 263 F.3d at 266-67 (citations omitted); see Ferrari, 225 F.R.D. at 608. Here, the Pension Trust Fund for Operating Engineers has the largest financial interest, and therefore the instant case does not involve the aggregation of losses among unrelated plaintiffs. Further, the Pension Funds are comprised of just two entities. Thus, it appears that the Pension Funds will "fairly and adequately protect the interests of the class."

Further, the Court has received no other objection to the appointment of the Pension Funds as lead plaintiff. Accordingly, the Court GRANTS the Pension Funds' motion for appointment as lead plaintiff, and DENIES Boston's motion for appointment as lead plaintiff.

C. Appointment of Lead Counsel

The Pension Funds seek the appointment of Anne L. Box, Mary K. Blasy, and Tricia L.

---

³Further, the Pension Funds assert that defendants have no standing to challenge the Pension Funds' adequacy or typicality. Reply at 2 n.1 (citing Takeda, 67 F. Supp. 2d at 1138 ("[D]efendants lack standing to object to the adequacy or typicality of the proposed lead plaintiffs at this preliminary stage of the litigation.")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3125 CAS (FMOx) | Date | August 20, 2007 |
|---|---|---|---|
| | [This Order Relates To No. CV 07-3902 CAS (FMOx)] | | |

| Title | ELLEN ROSENTHAL BRODSKY v. YAHOO! INC., et al. |
|---|---|

McCormick of Lerach Coughlin as lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v) provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." "[T]he Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention. . . . [T]he court's inquiry is appropriately limited to whether the lead plaintiff's selection and agreement with counsel are reasonable on their own terms." In re Cendant Corp. Litig., 264 F.3d at 267, *cited with approval in* In re Cavanaugh, 306 F.3d at 734 n.14. The Pension Funds assert that their proposed counsel will ably represent the class. The Court agrees, and finds the Pension Funds' selection of class counsel to be reasonable. The Court therefore GRANTS the Pension Funds' motion for appointment of lead class counsel, and DENIES Boston's motion for appointment of lead class counsel.

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the motions of Boston and the Pension Funds to consolidate, GRANTS the Pension Funds' motions for appointment as lead plaintiff and for appointment of lead class counsel, and DENIES Boston's motions for appointment as lead plaintiff and for appointment of lead class counsel.

IT IS SO ORDERED.

00 : 01

Initials of Preparer

# Attachment B

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-3125-CAS(FMOx) consolidated with CV07-3902-CAS(FMOx) | Date | January 10, 2008 |
|---|---|---|---|
| Title | *ELLEN ROSENTHAL BRODSKY v. YAHOO! INC.; ET AL.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER, JUDGE | |
|---|---|---|
| Catherine M. Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - ORDER CONSOLIDATING CASES

The Court hereby ORDERS as follows:

1. Civil case nos. CV07-3125CAS(FMOx) and CV07-3902-CAS(FMOx) were consolidated by Court Order of August 20, 2007.
2. Civil case no. CV07-3125CAS(FMOx) and CV07-3902-CAS(FMOx) are related within the meaning of Civil Local Rule 4.3.
3. Civil case no. CV07-3902-CAS(FMOx) is consolidated into Civil Action No. CV07-3125CAS(FMOx) for purposes of pretrial and discovery proceedings before this Court.
4. All related actions that are subsequently filed in, or transferred to, this district shall be consolidated into this action for pretrial and discovery purposes. This Order shall apply to every such related action, absent order of the Court.
5. The docket in Civil Action No. CV07-3125-CAS(FMOx) shall constitute the Master Docket for this action.

/ / /

/ / /

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-3125-CAS(FMOx) consolidated with CV07-3902-CAS(FMOx) | Date | January 10, 2008 |
|---|---|---|---|
| Title | *ELLEN ROSENTHAL BRODSKY v. YAHOO! INC.; ET AL.* | | |

6. Every document filed in the Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: YAHOO! INC. <br><br> AND RELATED CASES. <br><br> This Document Relates To: | Master File No. <br>     CV07-3125- CAS(FMOx) <br> consolidated with: <br>     CV07-3902-CAS(FMOx) <br><br> [TITLE OF DOCUMENT] |

7. The file in Civil Action No. CV07-3125-CAS(FMOx) shall constitute the Master File for every action in the Consolidated Action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates:." When a document applies to only some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:." the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in the said action (e.g. "No. CV07-3902-CAS(FMOx) (Hacker)").

8. The parties shall file a Notice of Related Cases pursuant to Civil Local Rule 4.3.1. whenever a case that should be consolidated into this action is filed in, or transferred to, this district. If the Court determines that the case is related, the clerk shall:
   a. place a copy of this Order in the separate file for such action;
   b. serve on plaintiffs' counsel in the new case a copy of this Order;
   c. direct that this Order be served upon the defendants in the new case; and
   d. make the appropriate entry in the Master Docket.

**IT IS SO ORDERED.**

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |