1 | JORDAN ETH (BAR NO. 121617)
JEth@mofo.com
2 | JUDSON E. LOBDELL (BAR NO. 146041)
JLobdell@mofo.com
3 | MARK R.S. FOSTER (BAR NO. 223682)
MFoster@mofo.com
4 | MORRISON & FOERSTER LLP
425 Market Street
5 | San Francisco, California 94105
Telephone: 415-268-7000
6 | Facsimile: 415-268-7522

7 | ANNA ERICKSON WHITE (BAR NO. 161385)
AWhite@mofo.com
8 | MORRISON & FOERSTER LLP
755 Page Mill Road
9 | Palo Alto, California 94304
Telephone: 650-813-5600
10 | Facsimile: 650-494-0792

11 | Attorneys for Defendants YAHOO! INC., TERRY S. SEMEL,
SUSAN L. DECKER, DANIEL L. ROSENSWEIG, and
12 | FARZAD NAZEM

13 |              UNITED STATES DISTRICT COURT

14 |              NORTHERN DISTRICT OF CALIFORNIA

15 |                     OAKLAND DIVISION

| | |
|---|---|
| IN RE: YAHOO! INC. | **CLASS ACTION** |
| ELLEN ROSENTHAL BRODSKY, on Behalf of Herself and All Others Similarly Situated, | Case No. CV-08-2150-CW |
| Plaintiffs, | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE FILED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |
| v. | |
| YAHOO! INC., TERRY S. SEMEL, SUSAN L. DECKER, FARZAD NAZEM, and DANIEL ROSENSWEIG, | |
| Defendants. | Hearing: September 18, 2008<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge: Hon. Claudia Wilken |
| This Document Relates To: All Actions | |

**REQUEST FOR JUDICIAL NOTICE**

Defendants Yahoo! Inc., Terry S. Semel, Susan L. Decker, Farzad Nazem, and Daniel L. Rosensweig ("Defendants") have moved to dismiss Plaintiffs' Consolidated Amended Complaint ("CAC"). In support of that Motion, Defendants request that this Court take judicial notice of the documents attached as exhibits to the Declaration of Mark R.S. Foster ("Foster Declaration") in Support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Complaint.

The documents attached to the Foster Declaration include: (1) documents filed with the United States Securities and Exchange Commission (the "SEC"); (2) transcripts of various investor communications; (3) publicly available stock price data; (4) news releases, news reports, and press releases; and (5) court documents.

**ARGUMENT**

When ruling on a motion to dismiss a securities fraud complaint, "courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007). Federal Rule of Evidence 201 authorizes judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

The safe harbor provision of the Private Securities Litigation Reform Act of 1995 also provides that "the court shall consider any statement cited in the complaint and any cautionary statement accompanying . . . forward-looking statement[s], which are not subject to material dispute, cited by the defendant." 15 U.S.C. § 78u-5(e); *see Employers Teamsters Local Nos. 175 And 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1333 (2004).[1]

In addition, a court may "consider documents which are not expressly incorporated into the complaint, but upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.1998); *In re Versant Object Tech. Corp.*, No. C-98-00299-CW, 2000

---

[1] *See also In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138-VRW, 2005 U.S. Dist. LEXIS 20214, at *13 (N.D. Cal. Aug. 10, 2005).

LEXIS 22333, at *8–9 (N.D. Cal. May 18, 2000).  A court also may take "judicial notice that the market was aware of the information contained in news articles submitted by the defendants." *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999).

Each of the 51 exhibits attached to the Foster Declaration meet one or more of the foregoing standards.  Accordingly, judicial notice is mandatory "if requested by a party and [the court is] supplied with the necessary information."  *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995), *rev'd sub nom. on other grounds*, 520 U.S. 548 (1997) (quoting Fed. R. Evid. 201(d)).

## I. THIS COURT SHOULD TAKE JUDICIAL NOTICE OF DEFENDANTS' SEC FILINGS.

This Court should take judicial notice of the documents attached as **Exhibits 1 through 21** to the Foster Declaration.  **Exhibits 1–21** are subject to judicial notice as SEC filings incorporated by reference in the CAC or necessarily relied upon by it.[2]  *Tellabs*, 127 S. Ct. at 2509; *Parrino*, 146 F.3d at 706; *Versant*, 2000 U.S. Dist. LEXIS 22333, at *8.[3]  The Court should take judicial notice of **Exhibits 5, 7– 14, and 16–17** for the additional reason that those documents contain cautionary language accompanying forward-looking statements.  *Clorox*, 353 F.3d at 1333; 15 U.S.C. § 78u-5(e).

## II. THIS COURT SHOULD TAKE JUDICIAL NOTICE OF CERTAIN ANALYST REPORTS AND TRANSCRIPTS OF INVESTOR COMMUNICATIONS.

This Court should take judicial notice of the documents attached as **Exhibits 22 through 37** to the Foster Declaration.  **Exhibits 22–37** are subject to judicial notice as analyst reports and conference call transcripts incorporated by reference in the CAC or necessarily relied upon by it.  *See Tellabs*, 127 S. Ct. at 2509; *Versant*, 2000 U.S. Dist. LEXIS 22333, at *8; *Parrino*, 146 F.3d

---

[2] The SEC filings in **Exhibits 5–14, and 16–17** are cited in paragraphs 15–18, 45, 55, 68, 78, 84, 86–87, 89, 101, 122, 142, 190, 209, and 224 of the CAC.  Individual paragraphs of the Foster Declaration indicate which CAC paragraphs cite each SEC filing.  The CAC necessarily relies on **Exhibits 1–4, 15, and 18–21**.

[3] This Court can take judicial notice of **Exhibits 1–21** for the additional and independent reason that they are public disclosure documents that are required to be and are actually filed with the SEC.  *See Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (court may consider "any matter subject to judicial notice, such as SEC filings").

at 706; *Versant*, 2000 U.S. Dist. LEXIS 22333, at *39 n.9.[4]  This Court should take judicial notice of **Exhibits 22 to 33** for the additional reason that those documents contain cautionary language accompanying forward-looking statements.  *Clorox*, 353 F.3d at 1333; 15 U.S.C. § 78u-5(e).

## III. THIS COURT SHOULD TAKE JUDICIAL NOTICE OF PUBLICLY AVAILABLE STOCK PRICE DATA.

This Court should take judicial notice of the document attached as **Exhibit 38** to the Foster Declaration, a table listing Yahoo!'s stock prices from March 10, 2004 to August 31, 2006, obtained from the Yahoo! Finance website, http://finance.yahoo.com.  Stock prices are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2); *In re Applied Signal Tech. Sec. Litig, Inc.*, No. C-05-1027-SBA, 2006 U.S. Dist. LEXIS 24498, at *36 (N.D. Cal. Feb. 6, 2006) (a "court may also take judicial notice of 'well-publicized stock prices'").  Furthermore, the Yahoo! Finance website is a source whose accuracy cannot be reasonably questioned.  *In re Peerless Sys. Corp. Sec. Litig.*, 182 F. Supp. 2d 982, 990 n.2 (S.D. Cal. 2002) (taking judicial notice of "Yahoo! Finance Historical Quotes Chart" when ruling on motion to dismiss).

## IV. THIS COURT SHOULD TAKE JUDICIAL NOTICE OF CERTAIN NEWS REPORTS AND PRESS RELEASES.

This Court should take judicial notice of the documents attached as **Exhibits 39 through 50** to the Foster Declaration.  **Exhibits 39–43 and 45–50** are subject to judicial notice as interview transcripts, news articles, Yahoo! press releases, and third-party press releases incorporated by reference in the CAC or necessarily relied upon by it.  *See Tellabs*, 127 S. Ct. at 2509; *Parrino*, 146 F.3d at 706; *Versant*, 2000 U.S. Dist. LEXIS 22333, at *39 n.9.[5]  This Court

---

[4]  The conference call transcripts in **Exhibits 22–30 and 32–33** are cited in paragraphs 6, 8, 10, 50, 62, 76, 82, 94, 104, 115–16, 125, 130, 136, 138, 150, 153, and 233 of the CAC.  The analyst reports in **Exhibits 34–37** are cited in paragraphs 119, 120, and 143 of the CAC.  Individual paragraphs of the Foster Declaration indicate which CAC paragraphs cite each transcript and analyst report.  **Exhibit 31** transcribes the statements referenced in paragraphs 8 and 143 of the CAC.

[5]  The Yahoo! press releases in **Exhibits 39–43** are cited in paragraphs 49, 61, 103, 114, 147, and 154 of the CAC.  The third-party press releases and articles in **Exhibits 45–50** are cited in paragraphs 154 and 204–08.  Individual paragraphs of the Foster Declaration indicate which CAC paragraphs cite each press release and news article.

1  should take judicial notice of **Exhibits 39 to 42 and 44** for the additional reason that those

2  documents contain cautionary language accompanying forward-looking statements. *Clorox*, 353

3  F.3d at 1333; 15 U.S.C. § 78u-5(e).

4  This Court should also take judicial notice of **Exhibit 44**, a Yahoo! press release issued on

5  January 23, 2007. The Court can take judicial notice that the market was aware of the

6  information contained in that press release. *Heliotrope*, 189 F.3d at 981 n.18.

### V. THIS COURT SHOULD TAKE JUDICIAL NOTICE OF COURT DOCUMENTS.

It is well established that courts may take judicial notice of documents filed in other courts. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of "proceedings and filings in other courts"); *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1124 n.29 (9th Cir. 2002) (taking judicial notice of a complaint filed in another action). Defendants, therefore, request that this Court take judicial notice of **Exhibit 51,** a true and correct copy of the Stipulation and Settlement Agreement in *Checkmate Strategic Group, Inc. v. Yahoo!, Inc. et al.*, No. CV-05-4588-CAS, as filed in the United States District Court for the Central District of California.[6]

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the documents attached as **Exhibits 1 through 51** to the Foster Declaration.

Dated: June 20, 2008           MORRISON & FOERSTER LLP

By:   /s/ Jordan Eth [e-filing signature]
Attorneys for Defendants

---

[6] **Exhibit 51** is subject to judicial notice for the independent and additional reason that paragraphs 5 and 154 of Plaintiffs' Consolidated Amended Complaint ("CAC") incorporate this exhibit by reference. *See Tellabs*, 127 S. Ct. at 2509; *Versant*, 2000 U.S. Dist. LEXIS 22333, at *8.

DEFS.' REQ. FOR JUDICIAL NOTICE I/S/O MTD
MASTER FILE NO. CV-08-2150-CW                 4
sf-2530236

1 **ECF ATTESTATION**

2  I, Mark Foster, am the ECF User whose ID and Password are being used to file this:

3 **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE FILED IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS'
4 CONSOLIDATED AMENDED COMPLAINT**

5  In compliance with General Order 45, X.B., I hereby attest that Jordan Eth has concurred
6 in this filing.

7  Dated:  June 20, 2008        MORRISON & FOERSTER LLP

8            By:    /s/ Mark R.S. Foster [e-filing signature]